

**FILED**

**DECEMBER 11, 2007**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KIM WAYNE BURDEN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0236 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a petition for a writ of habeas corpus challenging a July 16, 2007 prison disciplinary proceeding which resulted in the loss of 45 days previously earned good time credits, and an August 13, 2007 prison disciplinary proceeding which did not result in the loss of previously earned good time credits. The disciplinary proceedings took place at the Clements Unit in Potter County, Texas. As of the date the instant habeas application was filed, petitioner remained incarcerated in the Clements Unit.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release and have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas application, petitioner advises he is in respondent's custody pursuant to a 1996 conviction for the

felony offense of robbery out of Camp County, Texas, and the resulting 20-year sentence. In his

habeas application, petitioner acknowledges he is not eligible for mandatory supervised release.

While petitioner appears to have lost good time in one of the two disciplinary proceedings,

petitioner is <u>not</u> eligible for mandatory supervised release due to his conviction for robbery. *See*

Tex. Gov't Code § 508.149(a)(11).


RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the

United States District Judge that the petition for a writ of habeas corpus filed by petitioner KIM

WAYNE BURDEN be DENIED.


INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 11th day of December 2007.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation. In
the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing
objections is eleven (11) days from the date of filing as indicated by the "entered" date directly
above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or
transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or

electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).