
FILED
JULY 3, 2008
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KIM WAYNE BURDEN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0236 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner KIM WAYNE BURDEN has filed a petition for a writ of habeas corpus challenging a disciplinary case. On December 11, 2007, the undersigned issued a Report and Recommendation finding the petition should be dismissed because petitioner Burden is not eligible for mandatory release. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000), holding that individuals who are not eligible for mandatory release do not have a cognizable liberty interest in good time forfeited as a result of a disciplinary adjudication of guilt. Petitioner Burden filed objections to that Report and Recommendation contending the disciplinary case also resulted in his being assigned to a more restrictive confinement within the prison and that habeas relief should still be available to him because of such "more restrictive confinement." Petitioner did not challenge the finding that he is ineligible for mandatory release.

The Supreme Court in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), held that the Due Process Clause does not protect every change in the conditions of

confinement. By his objections, petitioner Burden contends the change in his classification from G-4 (medium custody), to G-5 (close custody), is cognizable in this habeas proceeding. Petitioner compares his close custody (G-5) status as similar to administrative segregation and contends he has a liberty interest in his classification, and that he is entitled to due process before his classification could be changed . The Fifth Circuit has applied *Sandin* to a number of situations including placement in administrative segregation. In *Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995), the court held a prisoner's placement in administrative segregation, without move, did not constitute a deprivation of a constitutionality cognizable liberty interest. Assuming, for purposes of argument, that a challenge to custody level or change in custody level can be brought by habeas corpus rather than by a lawsuit pursuant to 42 U.S.C. § 1983, it is the finding of the undersigned that the facts alleged by petitioner Burden, regarding his G-5 close custody status do not rise to the level of an atypical condition of confinement and that petitioner does not have a liberty interest in his prior G-4 level cognizable in a 28 U.S.C. § 2254 habeas action. *See Sandin v. Conner, supra*.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the objections filed by petitioner KIM WAYNE BURDEN be overruled, and that the petition for a writ of habeas corpus be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 3rd day of July 2008.

                                                */s/ Clinton E. Averitte*
                                                CLINTON E. AVERITTE
                                                UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).